UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AHMAD DAOUD,

                 Petitioner,                                 Case Number 26-10445

v.                                               Honorable David M. Lawson

KEVIN RAYCRAFT, Director of Enforcement
and Removal Operations, Detroit Field Office,
U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department
of Homeland Security, TODD BLANCHE,
U.S. Attorney General, and EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW,

                   Respondents.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTAIN MOTIONS AS MOOT

Petitioner Ahmad Daoud, an Israeli national and Jordanian citizen, was arrested by immigration authorities on April 29, 2025 and is currently detained at the St. Clair County jail in St. Clair, Michigan, under the authority of the United States Immigration and Customs Enforcement (ICE) agency, awaiting deportation proceedings.  He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he has been denied a bail hearing to which he is entitled under 8 U.S.C. § 1226(a).  However, the record indicates that the petitioner was afforded a bail hearing by an immigration judge, who exercised discretion and denied bail.  Because the petitioner was afforded already the relief he seeks, the petition will be denied.  The government filed a motion to vacate a previous order staying deportation and a motion to dismiss, and the petitioner filed a motion to expedite proceedings.  Those motions will be dismissed as moot.

I.

According to the petition, Daoud entered the United States in 2018 on a B-2 temporary tourism visa. *See also* 8 U.S.C. § 1101(a)(15)(B); 8 C.F.R. § 214.1(a)(2). That visa permitted the petitioner to remain in the United States until November 28, 2018. However, he did not leave the country.

In April 2025, immigration officials arrested the petitioner, charged him as removable under 8 U.S.C. § 1227, and commenced deportation proceedings. The government detained him under 8 U.S.C. § 1226(a) and advised him that he could seek a bond hearing to review that detention determination. ECF No. 4-4, PageID.117; *see also* 8 C.F.R. § 1236. The petitioner then requested such a hearing.

An immigration judge held the bond hearing on May 13, 2025. ECF No. 4-5, PageID.118. The judge concluded that the petitioner posed a flight risk and ordered that he remain detained. *Ibid.* Although the petitioner reserved the right to appeal that determination until June 12, 2025, he did not do so.

Thereafter, the petitioner conceded that he was removable but applied for asylum. After two evidentiary hearings, an immigration judge denied his application on January 7, 2026. The petitioner timely appealed, and that appeal remains pending. During the pendency of those proceedings, he has remained in detention under section 1226(a). He has not sought a new bond hearing based on materially changed circumstances. *See* 8 C.F.R. § 1003.19(e).

Three days after appealing the denial of asylum, the petitioner filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. The Court stayed deportation to preserve jurisdiction. The government moved to vacate the stay and later moved to dismiss the petition, and the petitioner moved for expedited consideration. The petition rests on a

single premise: that the government detained him under 8 U.S.C. § 1225(b)(2), a statute mandating detention of certain applicants for admission pending removal proceedings. *See* ECF No. 1, PageID.8-19. According to the petitioner, that statute does not apply because he was already present in the United States when he was arrested and therefore was not an applicant for admission. He contends that his detention instead should fall under 8 U.S.C. § 1226(a), which authorizes detention pending a removal decision but affords the opportunity for a bail hearing. He maintains that his continued custody is unlawful because he was subjected to mandatory detention without such a bail hearing.

II.

The petition advances two claims. Count I asserts that the "application of § 1225(b)(2) to the" petitioner violates 8 U.S.C. § 1226(a). ECF No. 1, PageID.18-19. Count II asserts that "[t]he application of § 1225(b)(2) to [the] [p]etitioner is arbitrary, capricious, and not in accordance with law, and as such, it violates the" Administrative Procedure Act (APA), 5 U.S.C. § 706. *Id.* at PageID.19.

The petitioner cannot prevail on these arguments because the record contradicts his central factual premise: that he is detained under the mandatory, no-bail provisions of 8 U.S.C. § 1225(b)(2). That statute plainly does not apply to the petitioner because he is not an "applicant for admission." *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026). However, according to the record before the Court, the government detained the petitioner under section 1226(a), not section 1225(b)(2). ECF No. 4-4, PageID.117. And consistent with section 1226(a), it afforded him a bail hearing. After that hearing, the immigration judge determined that the petitioner posed a flight risk and ordered that he remain detained. ECF No. 4-5, PageID.118.

- 3 -

III.

Because the record does not support the factual predicate of either claim, the petition must be denied.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that respondents' motion to vacate the stay (ECF No. 5), their motion to dismiss Count II (ECF No. 9), and the petitioner's motion for expedited consideration (ECF No. 8) are **DENIED AS MOOT**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 6, 2026

- 4 -